UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>W. CARL REICHEL,<br><br>　　　　　Defendant. | Criminal No. 15-CR-10324-DPW |

**DEFENDANT'S REQUEST FOR DISCLOSURE OF EXHIBIT AND WITNESS LISTS AND OTHER REQUIRED PRETRIAL DISCLOSURES FROM THE GOVERNMENT**

Trial in this case is scheduled to begin on May 23, 2016. The Government has asked to take the deposition of a witness, JB, in order to preserve JB's testimony for use at trial because of JB's inability to travel to Boston for trial. The Government has agreed to provide Mr. Reichel with a list of the exhibits it may use at JB's deposition, but refuses to provide a full exhibit list or any of the other pretrial disclosures it is required to make under the Local Rules or the Court's standard scheduling order for criminal trials. These disclosures, however, are necessary to allow Mr. Reichel to fully prepare for JB's testimony and cross-examine JB as if he were testifying at trial (which is the purpose of a Rule 15 deposition). Therefore, Mr. Reichel requests that the Court order the Government to provide the following at least one week before JB's deposition: (1) the names and addresses of witnesses the Government intends to call in its case-in-chief (as well as statements of each witness); (2) the exhibits the Government intends to offer in its case-in-chief; and (3) any exculpatory information identified in Local Rule 116.2 that has not been produced.[1] *See* Local Rule 117.1; Sample Order Setting Criminal Jury Trial.

---

[1] Mr. Reichel understands, based on the discussion at the February 25, 2016 status conference, that the Government is not planning to introduce any evidence of prior crimes, wrongs, or acts under Fed. R. Evid. 404(b), and therefore is not requesting disclosure of 404(b) evidence on that basis.

Disclosure of the Government's exhibit and witness lists and Local Rule 116.2 information in advance of JB's deposition is necessary to protect Mr. Reichel's rights. The Government's pretrial disclosure obligations are "not designed merely to inform trial preparation," but also to "more broadly promote the 'fair and efficient administration of criminal justice . . . by minimizing the undesirable effect of surprise at trial; and by contributing to the accurate of the fact finding process." *United States v. Murphy*, No. 05-CR-251-01-JD, 2006 WL 3731301, at *2 (D.N.H. Dec. 14, 2006) (granting continuance to defendant as a result of Government's delay in providing witness list and failing to file exhibit list). Further, as the First Circuit has noted, "the prosecution [has] the advantages of context and time. Before trial, the prosecution generally knows the totality of its case and how the prior bad act evidence fits into it." *United States v. Varoudakis*, 233 F.3d 113, 125 (1st Cir. 2000).

The purpose of a Rule 15 deposition is to preserve testimony for trial while allowing the defendant a full and complete opportunity to examine the witness as if the witness were testifying at trial. *See* Fed. R. Crim. P. 15(e)(2) ("The scope and manner of the deposition examination and cross-examination must be the same as would be allowed during trial."). Nothing about Rule 15 is intended to disadvantage the defendant's ability to confront his accusers in any way, and for the rule to have that effect would be unfairly prejudicial. *See United States v. McKeeve*, 131 F.3d 1, 8 (1st Cir. 1997) (Rule 15 depositions lead to a tension between the defendant's Confrontation Clause rights and the prosecution's need for evidence, and the "government must take diligent efforts to facilitate the defendant's presence [at the deposition]").

If JB were testifying at trial, Mr. Reichel would have received the Government's exhibit and witness lists and Local Rule 116.2 information in advance of trial and therefore in advance

of JB's testimony.  *See* Local Rule 117.1; Sample Order Setting Criminal Jury Trial.  The fact that JB's trial testimony is being taken via a deposition rather than in the courtroom should not lessen the Government's obligations or compromise Mr. Reichel's ability to examine the Government's witnesses.  Without the required pretrial disclosures in advance of JB's deposition, Mr. Reichel will be prejudiced in his ability to fully cross-examine JB because Mr. Reichel will not know what other witnesses or exhibits the Government intends to introduce at trial.  For example, there may be exhibits that the Government intends to use at trial with other witnesses that Mr. Reichel would want to ask JB about, and would have been able to ask JB about if JB were testifying at trial rather than at a deposition.

Pretrial disclosure is particularly important in this case, given the volume of the Government's production and scope of its investigation.  The Government has interviewed more than 230 witnesses since 2012 (and is continuing to interview witnesses, at least as of January 2016, three months after Mr. Reichel was indicted), and more than 50 of those witnesses have testified.  The Government also produced over 750,000 documents, totaling more than seven million pages, during automatic discovery, and just days ago, produced another 500,000 documents totaling 1.7 million pages.[2]  Even the grand jury proceedings alone involved over 400 exhibits.  Thus, without the Government's disclosure of its witness and exhibit lists, Mr. Reichel has no way of knowing which witnesses and documents the Government actually intends to use at trial.

Mr. Reichel agreed to JB's deposition even though he does not believe there are any "exceptional" circumstances that warrant this deposition, particularly given the Government's representation to the Court that trial testimony from district managers and sales directors is

---

[2] Mr. Reichel asked the Government to confirm that it would not introduce any exhibits from this most recent production, but the Government has not.

expected to be "remarkably consistent." Opp'n to Def.'s Mot. For Pretrial Proffer, ECF No. 63, at 1; *see U.S. v. Jefferson*, 594 F. Supp. 2d 655, 668 (E.D. Va 2009) (testimony "must also be noncumulative of other available evidence"); *U.S. v. Gragg*, No. 96-5586, 1998 WL 246019, at *5 (6th Cir. May 7, 1998) (trial court did not err in denying depositions because they "would have been cumulative"). But Mr. Reichel's willingness to accommodate the Government should not compromise the rights he would otherwise have under the Court's order and the Local Rules. If JB's testimony is to be used at trial, Mr. Reichel should be able to examine him with the benefit of having the Government's pretrial disclosures, just as he would if JB were testifying at trial.

Dated: March 21, 2016

Respectfully submitted,

CARL REICHEL

By his attorneys,

 **/s/ Joseph F. Savage Jr.**
Joseph F. Savage Jr. (BBO # 443030)
Yvonne W. Chan (BBO # 669223)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
jsavage@goodwinprocter.com
ychan@goodwinprocter.com

William J. Harrington (*pro hac vice*)
Anne E. Railton (*pro hac vice*)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
wharrington@goodwinprocter.com
arailton@goodwinprocter.com

5

## LOCAL RULE 7.1 CERTIFICATION AND CERTIFICATE OF SERVICE

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel hereby certifies that counsel for Defendant met and conferred with the Government in a good faith attempt to narrow or resolve the issues in this Motion.

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 21, 2016.

 /s/ Joseph F. Savage Jr.
Joseph F. Savage Jr.