UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  v.<br><br>W. CARL REICHEL,<br><br>  Defendant. | Criminal No. 15-CR-10324-DPW |

**DEFENDANT'S MOTION *IN LIMINE*
AND MEMORANDUM OF LAW TO EXCLUDE EVIDENCE OF
SALES PRACTICES AT OTHER PHARMACEUTICAL COMPANIES**

Defendant Carl Reichel hereby moves *in limine* to preclude the Government from introducing evidence of sales practices at other pharmaceutical companies as they are irrelevant, prejudicial and confusing. The Indictment alleges that Mr. Reichel provided "limited training concerning compliance with health care laws and otherwise de-emphasized the importance of compliance to the sales force," Ind. ¶ 11(t), and a number of grand jury witnesses have been asked to compare the sales practices at Warner Chilcott with those at other pharmaceutical companies. Some have testified as to their view that ███████████████████████ ███████████████████████████████████████████████████████████ *See, e.g.*, Ex. A ███████████████████████████████████████████ ███████████████████████████████████ Ex. B ███████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████ This testimony should be excluded because the practices at companies other than Warner Chilcott—companies that Mr. Reichel never worked at and with which he had no involvement—are completely irrelevant to the question of whether Mr. Reichel conspired with the Warner Chilcott sales force to violate the

Anti-Kickback Statute.  It is also not clear that these other practices were in place during the charged conspiracy period, as many of these witnesses were discussing companies at which they had worked either before or after Warner Chilcott.  Further, witnesses' opinions that certain practices are more appropriate or more compliant with the law are inadmissible lay opinions on what the law requires.  *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("It is black-letter law that [i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.") (internal quotation marks omitted).

Moreover, evidence of other companies' practices is prejudicial and risks confusing and misleading the jury.  Fed. R. Evid. 403.  Other companies' sales practices do not set the standard for legal conduct under the Anti-Kickback Statute, yet the jury may be misled into believing that any practices that are inconsistent with what other companies have voluntarily chosen to do must be unlawful.  Courts have excluded testimony regarding common industry practices as unduly prejudicial as it implies that other practices were in violation of the law.  *See United States v. Buchanan*, 964 F. Supp. 533, 537-38 (D. Mass. 1997) (excluding expert testimony that defendant's conduct was "not consistent with generally accepted standards of conduct of the industry" because testimony "essentially announce[d]" defendant had misapplied funds in violation of federal law).[1]  Evidence of the practices at other pharmaceutical companies should also be excluded because it will create unnecessary delay and result in a waste of time.  *Stathos v. Bowden*, 728 F.2d 15, 18-19 (1st Cir. 1984).  If such evidence is admitted, Mr. Reichel would

---

[1] *Accord Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 632 (8th Cir. 2007) (in a civil case, excluding evidence that retrofit was installed in Jeep to prove that Chrysler negligently failed to install the same device in its Ram, as the law did not independently require Jeep to be equipped with retrofit); *Massachusetts Mut. Life Ins. Co. v. DB Structured Products, Inc.*, 11-cv-30039 (MGM), 2015 WL 2130060, at *13 (D. Mass. May 7, 2015) (in a civil case, noting that evidence of defendant's compliance with minimum industry standards is a distinct issue from whether defendant violated underwriting guidelines in offering documents); *LaSalle Bank Nat'l Ass'n v. CIBC Inc.*, 08-cv-8426 (WHP) (HBP), 2012 WL 466785, at *2, 12, 16 (S.D.N.Y. Feb. 14, 2012) (excluding evidence regarding "industry standards, customs and practices" where "the issue here is whether [the defendant] complied with its contractual obligations and representations—not whether it complied with industry standards.").

be forced to introduce additional witnesses and exhibits to rebut inaccurate characterizations of practices at the other companies, to demonstrate that Warner Chilcott's practices were in fact comparable, not different, to show that these other companies still encountered compliance issues (for example, a number of them have convicted or settled allegations relating to kickback schemes and False Claims Act violations), and to explain how the practices at other pharmaceutical companies do not reflect what the law actually requires.

WHEREFORE, Mr. Reichel respectfully requests that this Court preclude all evidence of sales practices at other pharmaceutical companies.

          Respectfully submitted,

          CARL REICHEL

          By his attorneys,

          **/s/ Joseph F. Savage Jr.**
Joseph F. Savage Jr. (BBO # 443030)
Yvonne W. Chan (BBO # 669223)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
jsavage@goodwinprocter.com
ychan@goodwinprocter.com

William J. Harrington (pro hac vice)
Anne E. Railton (pro hac vice)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
wharrington@goodwinprocter.com
arailton@goodwinprocter.com

Dated: March 21, 2016

**LOCAL RULE 7.1 CERTIFICATION AND CERTIFICATE OF SERVICE**

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel hereby certifies that counsel for Defendant met and conferred with the Government in a good faith attempt to narrow or resolve the issues in this Motion.

The undersigned counsel certifies that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), on this 21st day of March, 2016.

                                         **/s/ Joseph F. Savage Jr.**
                                         Joseph F. Savage Jr.