UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>W. CARL REICHEL,<br><br>    Defendant. | Criminal No. 15-CR-10324-DPW |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS MOTIONS TO EXCLUDE EVIDENCE OF PRACTICES AT OTHER PHARMACEUTICAL COMPANIES AND WITNESSES' HINDSIGHT BELIEF THAT THEIR CONDUCT WAS ILLEGAL**

The Government's attempt to conflate these two motions by filing a single opposition does not hide the fact that it has completely failed to respond to one of them. The Government's opposition purports to address motions "seeking to exclude evidence of witnesses' compliance training at other pharmaceutical companies," Opp'n at 1, but that is the subject of only one of Mr. Reichel's motions. Nowhere does the Government address the other motion to exclude witnesses' hindsight belief that their conduct was illegal. Instead, the Government simply assumes that hindsight testimony is admissible, argues that witnesses who offer such hindsight opinion should be permitted to provide the basis for that opinion if it is based on compliance training at other companies, and hopes no one will notice that they avoided the hindsight question entirely.

Not only is a witness's hindsight belief irrelevant and inadmissible for the reasons stated in Mr. Reichel's opening brief, it is also not a basis for back-dooring in other inadmissible testimony about practices at other companies. The Government argues that witnesses should be able to explain why they now believe their conduct to have been illegal, but that belief is irrelevant and inadmissible, and the Government's description of how this testimony is expected

ACTIVE/85635718.3

to arise anticipates that witnesses will give a non-responsive answer when asked whether they believed their actions were illegal, responding "no, but…" instead of a simple "no." *See* Opp'n at 4. It does not matter whether a witness later believes his or her actions to be wrong, and it does not matter why they hold that belief. *See* Mot. to Exclude Hindsight Belief (ECF No. 78) at 2; *cf. United States v. Benalcazar*, No. 09 CR 144, 2011 WL 4553027, at *12 (N.D. Ill. Sept. 29, 2011) ("A witness's subjective belief about the legality of his or her conduct is irrelevant to [defendant's] knowledge or intent."). What matters is that a number of these individuals apparently did not believe they were committing a crime when they were at Warner Chilcott, *see* Opp'n at 3, which means that they could not have been part of any conspiracy to violate the Anti-Kickback Statute.

Testimony about practices at other pharmaceutical companies is also inadmissible, regardless of whether it is offered to explain a witness's belief. The Government argues that evidence of P&G's compliance training is admissible because a former P&G employee supposedly "warned" Mr. Reichel that dinners and speakers were illegal. But the Government does not identify that individual, and there is nothing in the dozens of transcripts, hundreds of interview memoranda, and millions of pages of documents produced that reflects such a communication. The Government cannot avoid the issue by hiding the evidence that they claim supports their admissibility arguments, and forcing Mr. Reichel to argue the issue based on hypotheticals.

And even if the communication with that unidentified individual took place, it is relevant only to show that Mr. Reichel was put on notice of potential illegality. The reason or reasons why the unidentified individual made his or her statement to Mr. Reichel is completely irrelevant and has no bearing on Mr. Reichel's state of mind. *See T. Harris Young & Assocs., Inc. v.*

2

*Marquette Elecs., Inc.*, 931 F.2d 816, 828 (11th Cir. 1991) ("Before a statement can be admitted under Rule 803(3) to show the declarant's then existing state of mind, the declarant's state of mind must be a relevant issue."). Similarly, it does not matter why other P&G employees questioned Mr. Reichel about Warner Chilcott's practices and why they supposedly differed from practices at other companies—all that matters is what they said to him. *See Benalcazar*, 2011 WL 4553027, at *12; *cf. United States v. Samaniego*, 345 F.3d 1280, 1282 (11th Cir. 2003) ("[T]he state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind.") (citation omitted).

The Government's argument that these types of questions put Mr. Reichel "on notice that his marketing tactics were illegal," Opp'n at 2, demonstrates precisely why comparisons to other companies' practices should be excluded. The practices at P&G or any other company do not set forth the legal standard under the Anti-Kickback Statute, and the Anti-Kickback Statute does not require compliance with the practices that are voluntarily adopted by other companies. Yet the Government clearly intends to use this testimony to conflate what P&G's policy required with what the law requires, and argue that anyone who is not following P&G's policy is violating the law. Such testimony would be unfairly prejudicial, confusing, and misleading. *See Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 99 (1st Cir. 1997) ("It is black-letter law that [i]t is not for witnesses to instruct the jury as to applicable principles of law, but for the judge.") (internal quotation marks omitted). ████████

████████████████████████████████

████████████████████████ This testimony also has no bearing on whether Warner

Chilcott's sales practices were illegal, and the Government should not be permitted to argue that ▮▮▮▮▮▮▮▮▮▮ somehow equates to "illegal" sales tactics.

Testimony about the supposed "lax compliance protocols" at Warner Chilcott, Opp'n at 3, is both irrelevant and inadmissible under Rule 701. Witnesses can testify about the protocols at Warner Chilcott and what was done or not done, but any generalization that they make based on working at one other company can hardly be considered "rationally based on the witness's perception." Fed. R. Evid. 701; *United States v. Meises*, 645 F.3d 5, 18 (1st Cir. 2011) (finding opinion that "usurped the jury's fact-finding function[] and improperly endorsed the government's theory of the case" was inadmissible). A witness's comparison of Warner Chilcott to another employer does not allow the Government to argue that Warner Chilcott's protocols were "lax," as compared to the industry standard, simply because those protocols differed from one other company. It is also improper to allow witnesses to compare the current policies at their employers with the policies in place at Warner Chilcott from 2009 to 2011, and none of these witnesses could make an apples-to-apples comparison as they did not work for more than one company at the same time. Further, just as failure to follow P&G's policy does not equal a violation of the Anti-Kickback Statute, having "lax compliance protocols" at Warner Chilcott is similarly not a crime.

WHEREFORE, Mr. Reichel respectfully requests that this Court exclude (1) evidence of witnesses' hindsight belief that their conduct was illegal, and (2) evidence of sales practices at other companies.

                    Respectfully submitted,

                    CARL REICHEL

                    By his attorneys,

                    **/s/ Joseph F. Savage Jr.**
Joseph F. Savage Jr. (BBO # 443030)
Yvonne W. Chan (BBO # 669223)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
jsavage@goodwinprocter.com
ychan@goodwinprocter.com

William J. Harrington (pro hac vice)
Anne E. Railton (pro hac vice)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
wharrington@goodwinprocter.com
arailton@goodwinprocter.com

Dated: April 6, 2016

## **CERTIFICATE OF SERVICE**

      The undersigned counsel certifies that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), on this 6th day of April, 2016.

                                            **/s/ Joseph F. Savage Jr.**
                                            Joseph F. Savage Jr.

ACTIVE/85635718.3