UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.                                          Criminal No. 15-CR-10324-DPW

W. CARL REICHEL,

                    Defendant.

**<u>DEFENDANT'S PROPOSED PRELIMINARY INSTRUCTIONS TO THE JURY</u>**

## PROPOSED PRELIMINARY INSTRUCTIONS

**Duties of the Jury** ........................................................................................................... 1

**Duty of the Jury to be Impartial** ..................................................................................... 2

**Nature of Indictment; Presumption of Innocence** ........................................................ 3

**Presumption of Innocence and Reasonable Doubt Defined** ......................................... 4

**Evidence; Objections; Rulings; Bench Conferences** ..................................................... 6

**Role of Defense Counsel** .................................................................................................. 8

**Credibility of Witnesses** .................................................................................................. 9

**Caution as to Cooperating Witness/Accomplice/Paid Informant/Immunized Witness** ....... 10

**Conduct of Jury** ............................................................................................................. 11

**Notetaking** ....................................................................................................................... 13

**Outline of the Trial** ....................................................................................................... 14

**The Charged Conspiracy** .............................................................................................. 16

**Opening Statements** ...................................................................................................... 17

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 1

### Duties of the Jury

Ladies and gentlemen:

You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.[1]

---

[1] Pattern Jury Instructions of the First Circuit, No. 1.01 (Nov. 2015).

1

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 2

### Duty of the Jury to be Impartial

Let me make one further comment about what your responsibilities are in this case.

You probably all have seen the kind of iconic pictures of courthouses, some of which have a statue on the top. There's a statue of a woman. She's got a sword in one hand, she's got scales in the other, and she's got a blindfold on. In fact, up in the bookcase behind me I have a small version of it.

It's pretty easy to see why she's got the sword in her hand. She's there to enforce the law. It's pretty easy to see why she's got scales in the other hand. She's there to weigh the evidence. Why does she have a blindfold on? I'll suggest to you that she has a blindfold on because she has disciplined herself to consider only that which is relevant; that she is making every effort to comply with the responsibilities of excluding those things that are not part of her consideration. And that means evidence that somehow I've excluded. That means bias or predisposition or sympathy. That means any outside influence. That means the tendency, when you see a bunch of people together, to say, they're in this together.

She is, I would suggest to you, what you are going to be: Disciplined in your analysis according to the rules as I'm instructing you regarding them and in your evaluation of the evidence that's presented here before you.[2]

---

[2] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Preliminary Instructions to the Jury, April 20, 2004, at 24-25.

2

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 3

### Nature of Indictment; Presumption of Innocence

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by assistant United States attorneys David Schumacher and Miranda Hooker. The defendant, Carl Reichel, is represented by his lawyers, Joseph Savage, William Harrington, Yvonne Chan, and Annie Railton.

Mr. Reichel has been charged by the government with violation of a federal law. He is charged with Conspiracy to Violate the Anti-Kickback Law. The charge against Mr. Reichel is contained in the indictment. The indictment is simply the description of the charge against Mr. Reichel; it is not evidence of anything. Mr. Reichel pleaded not guilty to the charge and denies committing the crime. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.[3]

---

[3] Pattern Jury Instructions of the First Circuit, No. 1.02.

3

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 4

### Presumption of Innocence and Reasonable Doubt Defined

I am going to explain three cardinal principles that you should bear in mind throughout this trial. The first, the presumption of innocence, the idea in this country under our Constitution that no person accused of a crime is anything other than presumed innocent unless and until the government satisfies you beyond a reasonable doubt of each essential element of the charges against that defendant. That presumption never leaves the defendant until the end of the trial if you find that the government has met its burden.

The second is the burden always rests with the government. Mr. Reichel can look the government straight in the eye and say prove it, and he doesn't have to do anything at all. The burden of proof never shifts to him. The law doesn't impose on him the burden of even calling witnesses. If he does, you'll take into consideration all of that evidence in deciding whether or not the government has met that burden that is the third cardinal principle, the burden of proof beyond a reasonable doubt.

Proof beyond a reasonable doubt is a strict and a heavy burden, but it doesn't mean that the defendant's guilt must be proved beyond all possible doubt. What it does require is evidence that excludes any reasonable doubt about a defendant's guilt. A reasonable doubt may arise not only from the evidence that's actually produced at trial, but if you find it, a lack of evidence. Reasonable doubt exists when, after weighing and considering all of the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course no defendant is ever to be convicted on suspicion or conjecture, and if, for example, you view the evidence in the case as reasonably permitting either of two conclusions,

4

one that Mr. Reichel is guilty, the other that he is not guilty, you must find him not guilty. You must give Mr. Reichel under that circumstance the benefit of the doubt.

It's not sufficient for the government to establish a probability, even a strong one, that a fact charged is more likely to be true than not true. That's not enough to meet the burden of proof beyond a reasonable doubt.

On the other hand, there are very few things in the world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

What the government must do to meet its heavy burden is to establish the truth of each part of the offense charged in the indictment by a proof that convinces you, leaves you with no reasonable doubt, and that thus satisfied you can consistently with your oath as jurors base your verdict on.[4]

---

[4] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Charge to the Jury, July 9, 2004, at 26-28. *See also MacKenzie*, Transcript of Preliminary Instructions to the Jury, April 20, 2004, at 19-23 (reviewing same principles).

**<u>DEFENDANTS PROPOSED JURY INSTRUCTION NO. 5</u>**

**Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

6

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.[5]

---

[5] Pattern Jury Instructions of the First Circuit, No. 1.05.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 6

### Role of Defense Counsel

I want to say something about objections. Mr. Reichel's counsel have a responsibility to force me to decide the legal issues in this case. They would be failing their responsibility if they didn't make objections to issues as they arise during the course of trial. That is counsel's obligation, and you're simply to put that out of your mind. They are not trying to keep something out of the case; they are trying to help me make the right legal decisions in this case. So, you'll see counsel pop up from time to time, make objections, then tune out until I've made my ruling with respect to those objections.

It is a very special obligation of counsel, on behalf of their client, to make every colorable objection. And I suspect that counsel will do so. In any event, that's something that you just put to one side, because it's not evidence, itself, until I rule on it.[6]

---

[6] *See United States v. MacKenzie*, 1:01-cr-10350-DPW, Transcript of Preliminary Instructions to the Jury, April 20, 2004, at 18.

8

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 7

### Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.[7]

---

[7] Pattern Jury Instructions of the First Circuit, No. 1.06.

9

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 8

### Caution as to Cooperating Witness/Accomplice/Paid Informant/Immunized Witness

You may hear testimony from witnesses who have pled guilty to a crime and are testifying under agreements.

You may also hear the testimony of witnesses who are testifying under a grant of immunity. "Immunity" means that witness's testimony may not be used against him or her in any subsequent criminal proceeding except for a perjury or false statement prosecution.

Some people who are immunized or cooperating are entirely truthful when testifying. Still, you should consider the testimony of these witnesses with particular caution. He or she may have had reason to make up stories or exaggerate what others did because he or she wanted to help himself or herself. You will need to determine whether the testimony of such a witness has been affected by any interest in the outcome of this case, any prejudice for or against the defendant, or by any of the benefits he or she has received from the government as a result of being immunized from prosecution. You may consider their guilty pleas in assessing their credibility, but you are not to consider their guilty pleas as evidence against this defendant in any way.[8]

---

[8] *See* Pattern Jury Instructions of the First Circuit, No. 2.08.

10

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 9

### Conduct of Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

11

Sixth, do not do any research on the internet about anything in the case or consult blogs or dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, do not discuss the case or anyone involved with it, or your status as a juror on any social media or look up any of the participants there.

Eighth, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Ninth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.[9]

---

[9] Pattern Jury Instructions of the First Circuit, No. 1.07.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 10

### Notetaking

Now, I indicated that you could take notes during the course of the trial, and, of course, you can. I recognize that some people take terrific notes in the morning and it falls off after that. Other people take notes very extensively. It's really up to you. It's there to provide assistance to you to kind of remember.

But I want you to understand that that's not evidence either. It's there to help you. You shouldn't share it with other people during the course of the presentation of the evidence. It's there for your purposes, for your illumination. And in the course of discussion, you will discuss with your colleagues what you recall, but you're not using a battle of notes in the jury room.

Nevertheless, a lot of people find it very helpful to take notes of various kinds, and that's what those notebooks are there for, to assist you in that. But don't make them a crutch to avoid the very difficult process of recalling the testimony yourselves collectively.[10]

---

[10] *See United States v. Galatis. et. al.*, 1:13-cr-10266-DPW, Transcript of Preliminary Instructions to the Jury, October 28, 2014, at 5-6.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 11

### Outline of the Trial

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, Mr. Reichel's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charge against Mr. Reichel. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

I remind you that Mr. Reichel is presumed innocent, and the government must prove the guilt of Mr. Reichel beyond a reasonable doubt. Mr. Reichel does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and Mr. Reichel will attempt to summarize and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom

14

together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.[11]

---

[11] *See* Pattern Jury Instructions of the First Circuit, No. 1.09.

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 12

### The Charged Conspiracy

Although I am not going to give you detailed instructions on conspiracy or the Anti-Kickback Statute at this time, I will read from the single count in the indictment to give you some background.  The indictment alleges in count one that between January 2009 and about February 2012, Mr. Reichel "did knowingly and willfully combine, conspire, confederate and agree with others, known and unknown to the Grand Jury, to knowingly and willfully offer and pay remuneration, directly and indirectly, overtly and covertly, in cash and in kind, that is, kickbacks and bribes, from Warner Chilcott, to induce physicians and other health care professionals to purchase, order, and arrange for goods, services and items, that is, prescriptions of Warner Chilcott drugs, for which payment was made in whole and in part by the federal health care programs, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(B)."

## DEFENDANTS PROPOSED JURY INSTRUCTION NO. 13

### Opening Statements

We are about to begin the first phase of the trial itself with opening statements.

If you think of the opening statements as a little bit like the top of a jigsaw puzzle box, you got it about right.

I told you the evidence is going to come in in this case in bits and pieces, and you want to have all of the evidence, until all the witnesses have testified and the parties have rested. And that's why I've been telling you all along that you can't talk about this case, even amongst yourselves.

So it is probably an easy image to think of the opening statement as the top of a jigsaw puzzle box, because it's going to tell you where the parties think they're going to go, how they think these bits and pieces fit together. But if you've had the same experience I've had with jigsaw puzzle boxes, sometimes not all the pieces are there, and sometimes the ones that are there don't fit together the way the parties think they're going to.

So what you're going to do is listen carefully to what the opening statements are. It will give you an idea, an overview, of what the parties think they're go to do. But that's not evidence. The evidence is the testimony of witnesses, the exhibits that come in. And if you hear something in opening statement that you never see in evidence, of course you will disregard it.[12]

---

[12] *See United States v. Galatis. et. al.*, 1:13-cr-10266-DPW, Transcript of Preliminary Instructions to the Jury, October 28, 2014, at 4-5.

Respectfully submitted,

CARL REICHEL

By his attorneys,

 **/s/ Joseph F. Savage Jr.**
Joseph F. Savage Jr. (BBO # 443030)
Yvonne W. Chan (BBO # 669223)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
jsavage@goodwinprocter.com
ychan@goodwinprocter.com

William J. Harrington (pro hac vice)
Anne E. Railton (pro hac vice)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
wharrington@goodwinprocter.com
arailton@goodwinprocter.com

Dated:  May 2, 2016

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned counsel certifies that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), on this 2nd day of May, 2016.

                     **/s/ Joseph F. Savage Jr.**
                     Joseph F. Savage Jr.